IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DESANE DUANE DOBBS,

                    Plaintiff,

          Vs.                                        No. 09-3132-SAC

DAMION GEISLER, and
PAUL NUNNERY,

                    Defendants.

MEMORANDUM AND ORDER

          While an inmate of the Ellsworth Correctional Facility, Ellsworth,

Kansas, the plaintiff filed this civil rights complaint (Dk. 1) seeking relief

under 42 U.S.C. § 1983 and asking to proceed without payment of fees (Dk.

2).  The plaintiff's civil rights complaint names as defendants, Damion

Geisler and Paul Nunnery.  Geisler is identified as a police officer for

LaHarpe, Kansas, and Nunnery is identified as a citizen of LaHarpe, Kansas.

The complaint alleges that Geisler was acting under color of state law but

that Nunnery was not.  (Dk. 1).

          As far as the factual background of his action, the plaintiff Dobbs

alleges that on June 9, 2007, he was at Paul Nunnery's residence when

Nunnery assaulted him.  When police arrived at the residence, Officer Geisler

witnessed Nunnery assault the plaintiff Dobbs by placing him "in a bear

hug."  *Id.*  Officer Geisler then assaulted the Dobbs and grabbed him by the

shirt.  When the plaintiff pushed off Geisler, the officer "drew his 45 cal pistol

and attempted to shoot me [Dobbs] in the head." *Id.* Dobbs alleges he "blocked" the officer's "attempt to shoot" him in the head "and in the ongoing struggle, Officer Geisler shot me [Dobbs], an unarmed man in the guts." *Id.* Dobbs alleges that Geisler's patrol car camera captured Geisler's "use of excessive force" and shows Geisler shooting Dobbs while he "was being held from behind." *Id.*

As for his causes of action, the plaintiff groups his allegations into a single count claiming violations of the Fourth and Fourteenth Amendments on the above factual background. The plaintiff brings no other claims for relief.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

The plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), (Dk. 4), and is granted leave to proceed in forma pauperis. The record shows partial payments were made from the prisoner's account through September of 2010. The plaintiff no longer is a prisoner subject to § 1915 provisions. The plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

**SCREENING**

Because Dobbs was a prisoner when he filed this action, the

court is required to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).  A court liberally construes a *pro se* complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Still, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  The court employs the same standard for dismissal under § 1915(e)(2)(B)(ii) as that used for motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  Put another way, there must be "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The court accepts all well-pleaded allegations in the complaint as true and considers them in the light most favorable to the non-

3

movant.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Twombly*, 550 U.S. at 558. The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555.  Having screened the plaintiff's filed pleadings, the court finds the complaint is subject to dismissal for the following reasons.

**STATUTE OF LIMITATIONS BAR**

Dismissal sua sponte under § 1915 for a statute of limitations bar is appropriate "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 549 U.S. 1059 (2006), *rehearing denied*, 550 U.S. 953 (2007).  "In other words, a complaint may not be dismissed by raising sua sponte a statute of limitations defense that was neither patently clear from the face of the complaint nor rooted in adequately developed facts." *Id.*   Thus, if from the plaintiff's allegations as tendered, it is patently clear that the circumstances would not permit tolling, the court may dismiss the complaint as barred by the statute of limitations.  *Id.* at 1258-59; *see Jones v. Bock*, 549 U.S. 199, 214 (2007) (If the plaintiff's allegations taken as true "show that relief is barred by the applicable statute

4

of limitations, the complaint is subject to dismissal for failure to state a claim
. . . .").

The applicable statute of limitations in § 1983 actions is
determined from looking at the appropriate state statute of limitations and
governing tolling principles.  *See Hardin v. Straub*, 490 U.S. 536, 539
(1989).  "The forum state's statute of limitations for personal injury actions
governs civil rights claims under both 42 U.S.C. § 1981 and § 1983.  In
Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. §
60-513(a)."  *Brown v. Unified School Dist. 501, Topeka Public Schools*, 465
F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).  While the length of
the limitations period is governed by state law, "the accrual date of a § 1983
cause of action is a question of federal law that is not resolved by reference
to state law."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Under federal
law, the claim accrues "when the plaintiff has a complete and present cause
of action."  *Id*. at 388 (internal quotation marks and citation omitted).  "A §
1983 action accrues when facts that would support a cause of action are or
should be apparent."  *Fogle*, 435 F.3d at 1258 (internal quotation marks and
citation omitted).

On the face of his complaint, the plaintiff alleges the named
defendants violated his constitutional rights in assaulting him and using
excessive force during his arrest on June 9, 2007.  The plaintiff's civil rights

complaint was filed in this court on June 24, 2009, which is 15 days late. The plaintiff did use the date of June 2, 2009, on his declaration under penalty of perjury averring the truthfulness of his complaint.  (Dk. 1, p. 6). This does not satisfy the mailbox rule under Tenth Circuit precedent.  *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) ("[A]n inmate who places a federal civil rights complaint in the prison's internal mail system will be treated as having 'filed' that complaint on the date it is given to prison authorities for mailing to the court.").  To meet his the burden of proof on this issue, the inmate must "establish the date on which he or she gave the papers to be filed with the court to a prison official in one of two ways."  420 F.3d at 1165.  If the inmate's prison has a legal-not regular or institutional-mail system that adequately logs in the time and date for legal mail received from an inmate, then the inmate may use it to prove the date. Id. at 1165.  If the inmate's prison lacks a legal mail system or its system fails to make adequate recordings of the receipt times and dates of inmates' legal mail, then the inmate can prove timely filing if he uses his prison's regular mail system and "submit[s] a declaration [in compliance with 28 U.S.C. § 1746] or notarized statement setting forth the . . . date" on which the documents were deposited "with prison officials and attest[s] that first-class postage was pre-paid."  *Id.* at 1165 (quotation marks and citation omitted).  The plaintiff has not complied with the requirements of *Price v.*

6

*Philpot.*

The court finds no plausible allegations of fact to support statutory or equitable tolling.[1]  From the face of the plaintiff's complaint, the court would conclude that his § 1983 claims are not timely filed and are barred by the statute of limitations.

**DEFENDANT NUNNERY**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  Section 1983 liability arises only from conduct occurring under color of state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 n. 18 (1982).   A defendant acts "under color of state law" when he or she exercises "power possessed by virtue of state law and made possible only because the wrongdoer is

---

[1] "The statute can be tolled for inmates 'imprisoned for a term less than [their] natural life' if they do not have 'access to the court for purposes of bringing an action,' Kan. Stat. Ann. § 60-515(a)."  *Tillman v. Creighton*, 248 Fed. Appx. 970, 972, 2007 WL 2827659 at * 2 (10th Cir. 2007).  The complaint offers no plausible suggestion that the plaintiff lacked access to the courts.  Indeed, the plaintiff filed this action while in the custody of the Kansas Department of Corrections.  Should there be any factual basis for tolling, the plaintiff will have that opportunity in responding to this order. "[A] bare claim of pain and medication is insufficient to warrant tolling." *Baker v. Williams*, 2007 WL 1343683 at *1 (D. Kan. 2007).

clothed with the authority of state law."  *Id*. at 929; *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1208 (10th Cir. 2005), *cert. denied*, 547 U.S. 1111 (2006). It is plaintiff's burden to meet the jurisdictional prerequisite that the defendants acted under color of state law.  *Hall v. Witteman*, 569 F.Supp.2d 1208, 1219-20 (D. Kan. 2008), *aff'd*, 584 F.3d 859 (10th Cir. 2009).

The plaintiff's complaint specifically alleges that the defendant Paul Nunnery was not acting under color of state.  Without this critical allegation or any other claim for relief asserted against Nunnery, the plaintiff has failed to state a claim for relief against this defendant.

The court will give the plaintiff thirty days from the filing date of this order to allege additional facts to cure the pleading deficiency as to the defendant Nunnery and to assert any facts to support application of the mailbox rule or for tolling the limitations period.  If the plaintiff fails to submit a "Supplement to Complaint" within the prescribed thirty-day period, the court will dismiss this action without prejudice and without further notice.

IT IS THEREFORE ORDERED that the plaintiff is granted thirty days from the filing date of this order to file a "Supplement to Complaint" and memorandum to show cause why this action should not be dismissed for failure to state a claim on which relief may be granted;

IT IS FURTHER ORDERED that the plaintiff's motion for leave to

8

proceed in forma pauperis (Dk. 2) is granted and the plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Dated this 3rd day of August, 2011, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge